# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**COURT FILE NO.:** _____

Minnie Lucas,
    Plaintiff,

v.

Performant Recovery, Inc. a/k/a Diversified Collection Services, Inc.,
    Defendant.

_____

## COMPLAINT AND JURY DEMAND
_____

### NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

### PARTIES

4. Plaintiff Minnie Lucas ("Plaintiff") is a natural person who at all relevant times resided in the State of Colorado, County of El Paso, and City of Peyton.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Performant Recovery, Inc. a/k/a Diversified Collection Services, Inc. ("Defendant") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a personal student loan (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. In connection with the collection of the Debt, Defendant sent Plaintiff initial written communication dated February 6, 2012 that provided the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, and further stated, in relevant part:

> If we do not hear from you by February 16, 2012, we will

>     have no alternative but to pursue immediate resolution to this matter. Keep in mind that we are entitled to use, and we intend to use, all approved means at our command to collect debts which have been referred to us.

(See February 6, 2012 Correspondence, attached as Exhibit A).

12. Defendant's February 6, 2012 initial communication overshadowed the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, by threatening to take immediate action against Plaintiff during the thirty-day dispute period.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(b)

13. Plaintiff repeats and re-alleges each and every factual allegation contained above.

14. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, during the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

15. Plaintiff is entitled to and hereby demands a trial by jury.

**Respectfully submitted,**

January 30, 2013.                **/s/ Craig J. Ehrlich**
**Craig J. Ehrlich**
**Weisberg & Meyers LLC**
**5025 N. Central Ave., #602**
**Phoenix, AZ 85012**
**Telephone: (602) 445 9819**
**Facsimile: (866) 565 1327**
**Email: CEhrlich@AttorneysForConsumers.com**